parently they were seeking for some cause that would justify them in vacating the premises, and declaring that such causes rendered the premises untenantable, thus constituting a constructive eviction. The objections complained of could have been easily remedied, the plumbing work repaired, and cesspools cleaned, and the reasonable expenses thereof charged against the landlord, and deducted from the rent, because of his covenants to make all such repairs. They were simple, ordinary repairs, and were not, as defendant contends, permanent or substantial repairs, and did not justify defendant in vacating the premises because not done by plaintiff.

It was proper for the trial justice to exclude the evidence offered by defendant to sustain his alleged counterclaim. That claim was based solely upon the theory that defendant and his tenants were evicted. As pointed out by us, no eviction occurred, and therefore no damage could have occurred to defendant upon that score. Besides, we think that the evidence shows that the plaintiff offered to do all repairs reasonably required if defendant would name them. This it declined to do. When invited by plaintiff to name them, or accompany him to the premises, and point out the objectionable features, it again refused. The actions of defendant in this regard were capricious, and unjust, and in harmony with its entire conduct in this matter. We can find nothing in the record that would justify us in aiding defendant in its scheme.

Judgment affirmed, with costs.

SCHUCHMAN, J., concurs.

---

### HOLZMAN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. May 28, 1900.)

STREET RAILROADS—COLLISION WITH VEHICLE.
 A motorman, aware of the fact that he cannot pass a loaded wagon in a narrow street without colliding with it, is guilty of gross negligence, when he attempts to pass it before the driver has had reasonable time to unload and move it away.

Appeal from trial term.

Action by Abraham Holzman against the Metropolitan Street-Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

Henry A. Robinson, for appellant.
Sanders & Rosenstein, for respondent.

FITZSIMONS, C. J. The evidence clearly shows that, at the time of the accident in question, plaintiff's wagon was in such a position, opposite 141 Delancy street, that defendant's car could not pass it. Defendant's driver recognized that fact, because he, as well as other witnesses for defendant, testified that the car could not pass the wagon, and that plaintiff was requested to move his wagon so as to

allow the passage of the car, but that he (plaintiff) acted so carelessly in making the change that his act really caused the injuries complained of. Of course, this testimony was contradicted by plaintiff and his witnesses, who stated that no warning was given of the approach of the car, and that they were not aware of its presence until it ran against plaintiff's wagon (he being on it, unloading it), throwing him to the ground, and injuring him so seriously that he was confined to the bed and house for several months. If, as stated by defendant's witnesses, plaintiff's wagon was partially over and upon its tracks, the driver being aware of that fact it was his duty to notify plaintiff of his wish to pass. Then plaintiff had the legal right to unload his wagon, taking only a reasonable time to do so; and, until the lapse of such a period, defendant's driver should not have attempted to pass. Plaintiff had a right to unload his wagon as he was attempting to do in this instance. Apparently, he was exercising this right in a careful and prudent manner. The space between the curb and the track was very narrow, and plaintiff could not unload unless his wagon overlapped a part of the public highway occupied by defendant's track. The latter had no exclusive right to the roadway occupied by its tracks. It had the right to run its cars, but the plaintiff had also the right to pursue his business as an expressman. Each one was bound to exercise his respective rights in an ordinarily careful and prudent manner. As we read the record, we think that plaintiff was injured solely through the gross negligence of defendant, and that plaintiff was free from contributory negligence. Defendant's driver evidently thought that he could pass, in safety, plaintiff's wagon. In so thinking he erred, and the consequences of such error must be borne by defendant.

The verdict, we think, was reasonable, and we believe that there is no reason for setting it aside. It is therefore affirmed, with costs.

SCHUCHMAN, J., concurs.